IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RHONDA COCHRANE,<br><br>               Plaintiff,<br><br>   vs.<br><br>WALMART, INC., a Delaware corporation,<br><br>               Defendant. | 1:19–cv–00503–DWM<br><br>OPINION and ORDER |

      Rhonda Cochrane brings this sex discrimination suit against Walmart, her former employer, under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* Cochrane is a former member of the decertified class from *Wal-Mart Store, Inc. v Dukes*, 564 U.S. 338 (2011). In this action, she asserts individual claims for pay discrimination and promotion discrimination. (Doc. 1.) Walmart seeks to dismiss all claims to the extent they are based on a disparate impact theory and to dismiss the promotion discrimination claim in its entirety. (Doc. 20.) Cochrane concedes she has not adequately pled disparate impact. (Doc. 25 at 1 n.1.) The only question, then, is whether she has stated a claim for promotion discrimination. Because she has, Walmart's motion is denied on those grounds.

1

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To prevail on a failure to promote claim under Title VII, a plaintiff must establish a prima facie case by showing that she belongs to a protected class, was qualified for the position she sought, was denied a promotion, and the job was given to someone outside the protected class. *Coghlan v. Am. Seafoods Co., LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005). However, the prima facie case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Accordingly, "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Id.* at 515. Rather, the pleading need only allow a reasonable inference of unlawful discrimination. *See Iqbal*, 556 U.S. at 678.

**ANALYSIS**

Walmart argues that the Complaint does not state claim for failure to promote because it does not allege that Cochrane applied for a promotion.

2

Generally, an employee must have applied for a promotion to prove discrimination based on the failure to promote. *See Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988). However, a non-applicant may be able to show that applying for a promotion would have been futile due to the company's discriminatory practices. *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1246 (9th Cir. 2010); *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365–67 (1977). To succeed on these grounds, the employee must show she was "discouraged from applying," not that she "simply failed to do so." *Breiner v. Nev. Dep't of Corrections*, 610 F.3d 1202, 1206 (9th Cir. 2010).

The deterred-applicant theory is the exception in employment discrimination cases, applicable only in "unusual circumstances." *Yartzoff v. Thomas*, 809 F.2d 1371, 1374 (9th Cir. 1987). On a 12(b)(6) motion, "courts look to whether a plaintiff has alleged facts that, taken as true, support the inference that it would have been futile to apply—not simply whether the plaintiff can sufficiently allege a discriminatory practice." *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1099 (C.D. Cal. 2002). Futility may be based on facts such as an employer's "consistent discriminatory treatment of actual applicants, by the manner in which he publicizes vacancies, his recruitment techniques, his responses to casual or tentative inquiries, and even by the racial or ethnic composition of that part of his work force from which he has discriminatorily excluded members of minority

groups." *Int'l Bhd. of Teamsters*, 431 U.S. at 365.

Here, Cochrane adequately alleges that applying for a promotion would have been futile. Though she passed the tests required to be considered for management, she was merely transferred to a cashier position from her food service job and was not considered for a promotion. (Doc. 1 at ¶¶ 79–81.) After repeated requests to be promoted to a customer service position, Cochrane's manager told her she would never be anything more than a cashier. (*Id.* at ¶¶ 82–83.) Such a response to her "casual or tentative inquiries" was no doubt a deterrent to a formal application. *See Int'l Bhd. of Teamsters*, 431 U.S. at 365. More importantly, Cochrane's allegations allow an inference that Walmart's discriminatory treatment of women discouraged her from applying. Specifically, Walmart stereotyped women as less aggressive and results-oriented than men and pigeonholed them into "female" departments, such as health and beauty and jewelry. (Doc. 1 at ¶¶ 64–69); *Sandoval v. Saticoy Lemon Ass'n*, 747 F. Supp. 1373, 1391–92 (C.D. Cal. 1990) (accepting the deterred-applicant theory where women were only considered for certain positions). And, women were ultimately underrepresented in management. (*See* Doc. 1 at ¶ 55.) Cochrane does not specifically allege that she was aware of these practices or that she did not apply for a promotion because of them. However, those are reasonable inferences at this point, especially given how pervasive the practices were alleged to be.

Further, before 2003, job openings were not posted and no formal application process existed. (*Id.* at ¶¶ 40–41, 43, 49, 52.) In conjunction with the "good ol' boy philosophy," (*id.* at ¶ 65), this plausibly suggests that women were denied promotions due to "the manner in which [Walmart] publicizes vacancies" and its "recruitment techniques." *See Int'l Bhd. of Teamsters*, 431 U.S. at 365. At this stage, it also excuses Cochrane's failure to identify a specific position she would have pursued. As Walmart points out, an employee cannot show discrimination with respect to a job that does not exist. *Hutchinson v. Seagate Tech., LLC*, 2004 WL 1753391, at *11 (N.D. Cal. Aug. 3, 2004). However, this case is akin to *Reed v. Lockheed Aircraft Corp.*, which rejected an employer's argument at summary judgment that a female employee was never personally denied a promotion in light of evidence "that one did not apply for training or for promotion but instead had to be sought out." 613 F.2d 757, 761 (9th Cir. 1980). *Reed* is controlling precedent, and therefore prevails over the contrary out-of-district cases cited by Walmart. To be sure, the Complaint could be much stronger on this point. For example, it does not allege that male coworkers were promoted ahead of Cochrane. But under *Reed*, Cochrane's allegations allow a reasonable inference that she was passed over for a promotion because of her gender.

Going forward, Cochrane will have to establish that she was indeed qualified for an available promotion, for which she would have applied had she not been

5

deterred, and that ultimately went to a man. *See Int'l Bhd. of Teamsters*, 431 U.S. at 367–68; *Coghlan*, 413 F.3d at 1094. For now, she plausibly alleges that she was denied a promotion due to her gender. *See Swierkiewicz*, 534 U.S. at 515.

## CONCLUSION

IT IS ORDERED that Walmart's motion to dismiss (Doc. 20) is GRANTED on the disparate impact claims and DENIED on the failure to promote claim. The disparate impact claims are DISMISSED WITHOUT PREJUDICE.

DATED this  13th   day of August, 2020.

                                            14:00 PM
                            Donald W. Molloy, District Judge
                            United States District Court